IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Julio Arroyo, M.D., ) | |
| ) | C/A No. 3:14-4505-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Palmetto Health; Marty Bridges, in his ) | |
| individual capacity; Greta Harper, in her ) | |
| individual capacity; and Kristin Urquhart, ) | |
| in her individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Julio Arroyo, M.D. filed this action on November 24, 2014, against Defendant Palmetto Health, his former employer, and Defendants Marty Bridges, Executive Vice President of Palmetto Health; Greta Harper, Vice President of Clinical Affairs at Palmetto Health, and Kristin Urquhart, an officer manager at Palmetto Health. Plaintiff contends that he was discriminated against on the basis of his race, Hispanic, in violation of 42 U.S.C. § 1981 (First and Second Causes of Action, against all Defendants). Plaintiff also alleges state law causes of action for conversion (Third Cause of Action against Palmetto Health), violation of the South Carolina Unfair Trade Practices Act (Fourth Cause of Action against Palmetto Health), breach of contract (Fifth Cause of Action against Palmetto Health and Bridges), promissory estoppel (Sixth Cause of Action against Palmetto Health, Bridges, and Harper), wrongful termination (Seventh Cause of Action against Palmetto Health), quantum meruit (Eighth Cause of Action against Palmetto Health), and intentional infliction of emotional distress (Ninth Cause of Action against all Defendants). Plaintiff seeks compensatory and statutory damages, attorneys' and experts' fees, and punitive damages.

On February 23, 2015, the parties filed a joint stipulation of dismissal with prejudice as to the following causes of action:

1. Plaintiff's first and second causes of action alleging race discrimination under 42 U.S.C. § 1981;

2. Plaintiff's fifth cause of action alleging breach of contract as to Defendant Bridges only;

3. Plaintiff's sixth cause of action alleging promissory estoppel[] as to Defendants Bridges and Harper only;

4. Plaintiff's ninth cause of action alleging intentional infliction of emotional distress as to Defendants Bridges and Harper only.

ECF No. 13.

This matter now is before the court on the parties' consent motion to remand, which motion was filed on February 23, 2015. The parties contend that the case should be remanded to state court because (1) Plaintiff has not asserted a federal question in his remaining causes of action, and (2) the parties are not diverse. The parties contend that the court now lacks subject matter jurisdiction over the case.

As an initial matter, the court notes that Plaintiff originally filed his complaint in this court. Because the case was not removed from state court, there is no state court to which the case can be remanded. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 615 (4th Cir. 2001) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988)). For this reason, the motion to remand is **denied**. However, the doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away. Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) (citing 28 U.S.C. § 1367). No party urges the court to retain supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the court

declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of action, and Plaintiff's remaining state law causes of action are dismissed, without prejudice.  Plaintiff, should he choose to do so, may file a complaint in state court asserting his remaining state law causes of action, i.e.: third cause of action for conversion against Palmetto Health; fourth cause of action for violation of the South Carolina Unfair Trade Practices Act against Palmetto Health; fifth cause of action for breach of contract against Palmetto Health; sixth cause of action for promissory estoppel against Palmetto Health; seventh cause of action for wrongful termination against Palmetto Health; eighth cause of action for quantum meruit against Palmetto Health; and ninth cause of action for intentional infliction of emotional distress against Palmetto Health and Urquhart.  The period of limitations for Plaintiff's state law claims shall be tolled for a period of thirty days after dismissal, unless state law provides for a longer tolling period.  See 28 U.S.C. § 1367(d).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 9, 2015